TWITCHELL & NÓRTON *v.* The COMMONWEALTH.

A conspiracy to cheat, by offering to sell forged foreign bank-notes of a denomination the circulation of which is prohibited in this state, is indictable.

The act intended to be done is sufficiently set forth in an averment that defendants "did fraudulently offer to sell, pass, utter, and publish to," &c., the forged notes.

IN error from the Quarter Sessions of Allegheny.

This was an indictment for a conspiracy to cheat. Two points were made: first, that an indictable offence was not laid; and secondly, that it was not laid with sufficient certainty.

The offence was a conspiracy to cheat by offering to sell ten forged notes, purporting to be $3 notes of the Commercial Bank of Cincinnati.

The averment alleged to be uncertain was that, in pursuance of their conspiracy, the defendants did " offer to sell, pass, utter, and publish to," &c.; and because the means whereby the conspiracy was to be effected were not stated.

*Darragh,* for plaintiff in error.

*Magehan,* contrà.

*Oct.* 28.  COULTER, J.—The first section of the act of Assembly of 12th April, 1828, enacts that it shall be unlawful to issue or circulate, with intent to create or continue a circulating medium, any bill, note, check, or ticket, for a less sum than ten dollars. The third section, however, enacts that such notes, bills, or tickets shall not be void or of none effect, and provides that the holder, notwithstanding anything contained in that act, may bring suit thereon, and recover the amount thereof, with interest; and the fourth section makes the drawer, acceptor, and every person or body corporate who shall endorse the said bills, checks, or notes, or in any way put their name thereon, liable to the holder for the principal sum expressed

thereon, and twenty per cent. interest. · Such notes or bills are, therefore, of value to the holder when they are genuine, although those who issue or circulate them with intent to create or continue them as a circulating medium, are liable to a penalty.   And it is therefore an injury to any individual to have simulated or counterfeited notes or bills of that description imposed upon him for value received from him.

There can be no question that genuine $3 bills on the Bank of Cincinnati are of value to the holder in this state, and therefore to transfer to him, for value received from him, counterfeited notes . of that description, is a fraud and an injury to him.   The question in this case is not whether an individual could be indicted for counterfeiting or passing such notes or not, and therefore I say nothing about it.   But the question is, whether an indictment will lie against two or more for confederating and conspiring to pass counterfeited and false notes of that description upon an individual or individuals for the purpose of cheating him.   The conspiracy to cheat, in such case, is the gist of the offence.   All combinations in society to effect an evil purpose are dangerous, and when their object and purpose is to cheat an individual, by whatever means, they are obnoxious to the criminal law.   In the case of The Commonwealth *v.* McKisson, 8 S. & R. 420, it was ruled that, in an indictment for conspiracy to cheat, an overt act need not be set out.   The concentrated energy of several combined wills, operating simultaneously and by concert upon any one individual, is dangerous, even to the cautious and circumspect; but when brought to bear upon the unwary and unsuspecting, it is fatal.   It is therefore the business of the law to protect individuals from such conspiracies.   It is not a crime punishable by the laws for an individual to marry a minor, although the parent of the female refuse his consent; but a conspiracy to effect and bring about such marriage is indictable, as was held in the case of The Commonwealth *v.* Miflin, 5 W. & S. 461, in which case it is truly asserted to be settled law, that there are acts which, though innocent in themselves when done by an individual, are criminal when done by concert.

I am very far from intimating that the passage of bills or notes under five dollars, which are false and counterfeited, by any one who knows them to be counterfeit, is innocent in any aspect when done by an individual; but it is aggravated into higher guilt when done by conspiracy, and undoubtedly is an injury both to society and the individual defrauded, and within the purview of the criminal law against conspiracies.

Bills and notes under five dollars are circulated daily and hourly here and everywhere; and it would be an evil of enormous magnitude if conspiracies to make or circulate false or forged ones were beyond or above the reach of the law. But such an offence is a conspiracy to cheat, and therefore indictable. The first error assigned is therefore overruled.

As to the second error assigned, that the offence is not sufficiently set out, I have only to say, that the third count of the indictment, and that on which the plaintiff in error was convicted, is drawn with formal precision and full amplitude, and that every element or ingredient necessary to constitute the offence is averred in sufficient form.

Judgment affirmed.